IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HORIZON LINES OF PUERTO RICO, INC.<br><br>Plaintiff,<br><br>Vs<br><br>LOCAL 1575, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION; AFL-CIO (ILA)<br><br>Defendant. | Case Number:<br><br>RE: BREACH OF COLLECTIVE BARGAINING AGREEMENT & ACTION FOR INJUNCTION AND DAMAGES |

## VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff Horizon Lines of Puerto Rico, Inc. ("HORIZON") through the undersigned legal representation and very respectfully STATES and PRAYS as follows:

### I. Parties

1.1 Plaintiff Horizon Lines of Puerto Rico, Inc. ("Plaintiff), a corporation doing business in the Commonwealth of Puerto Rico, is engaged in the maritime transportation of cargo between the port of San Juan, Puerto Rico, and various ports in the Continental United States of America.

1

1.2 Plaintiff is engaged in interstate commerce within the meaning of Section 2 (2) (6) and (7) of the Labor Management Relations Act ("Act") (29 U.S.C. § 152 et seq).

1.3 Defendant Local 1575, International Longshoremen's Association AFL-CIO ("Local 1575") is the exclusive collective bargaining representative as defined in Section 9 (a) of the Act, of Plaintiffs employees engaged in the handling, loading, unloading and related activities of ships, vans, and cargo.

1.4 Defendant is a labor organization within the meaning of Section 2 (5) of the aforementioned Act.

## II. Jurisdiction

2.0 This Court has jurisdiction over the aforementioned parties and over the subject matter of this proceeding by vitue of Section 301 (a) of the Act (29 U.S.C. § 185 fal).

## III. Collective Bargaining Agreement and Arbitration Clause

3.1 Plaintiff Horizon and Defendant Local 1575 ILA, have been signatories to a series of collective bargaining agreements, the latest of which has been in effect since October 1, 2004 and continues to be in effect to this date. (Attached hereto as Exhibit "A" is a true and authentic copy of said agreement) with its corresponding extensions up to this day. See Exhibits B through D.

3.2 The Collective Bargaining Agreement (CBA) referred to above provides, interalia, that Defendant agrees not to engage in strikes, work stoppages, sit down, Boycott, secondary boycott and/or picketing and that it will take all available steps to halt such activities should they occur. (Exhibit A., Article XX, p. 41).

3.3 The CBA further provides, inter alia, for the resolution of all work related, unresolved disputes or controversies between the parties through a Mandatory Arbitration procedure. (Exhibit A, Art. XVI, ,p, 38).

3.4 The current CBA also contains several provisions recognizing Horizon's right to determine the number of employees to be hired; to wit:

A. Article V provides that "[t]he operation of the Company's business and the direction of working forces are vested exclusively in the Company", always in consonance with the law and all other provisions included in the CBA itself. (Exhibit A, Art. V, p. 6).

B. Article VIII, paragraph 2 provides that "[t]he Company will continue exercising all its administrative functions...necessary and convenient for the most efficient and economic operation of its business" paticularly determining "the methods for loading and unloading of vessels"... "[s]election and employment of personnel according to the requirements of the Company's business." (Exhibit A, Art. VIII, p. 17):

C. Article VIII, paragraph 3 provides that "[t]he Company will determine the number of workers to be employed, the type of work and the place or location where work is performed." (Exhibit A, Art. VIII, p. 17);

## IV. Pertinent Facts

4.1 For its operation, Horizon operates a maritime terminal in Puerto Nuevo, Puerto Rico where it loads and unloads its own vessels and that of third-parties such as Maersk Lines.

4.2 On December 30, 2014, Horizon Lines in conformity with the provisions of the CBA in effect decided that it would not open for the public on December 31, 2014.

4.3 According to this operational decision, the Company called a particular number of employees it considered sufficient to work on the operation it planned for December 31, 2014.

4.4 The Union disagreed with the number of workers to be called to work. In its opinion, December 31, 2014 is not an official Holiday and the Company needs to hire an specific amount of workers. *See Exhibit 1.*

4.5 The Company informed the Union that the number of employees called to work reflect the number it understand necessary to address the operation and that the holiday provisions of the CBA has nothing to do with this issue since it only estipulates the amount of pay in case the Company decide to work any such day. Moreover, the Company informed the Union that if there was any disagreement as to this subject, the same was covered by the grievance and arbitration provisions of the CBA. *See Exhibit 2.*

4.6 The Union, however, insisted that the Company's action violates the CBA. *See Exhibit 3.*

4.7 On December 31, 2014, the Union and all its members refused to work and in fact engaged in a strike.

4.8 Confronted with the Union's refusal to work, the Company wrote the Union a request to the immediate cease and desist of the strike and that the parties meet in for the corresponding grievance and arbitration procedure for which it made available its officers. *See Exhibit 4.* The Union refused to comply and continues in its refusal to work to this time.

4.9 Defendant is refusing work over controversy covered by the Arbitration provision of the Collective Bargaining Agreement. Namely, what is the scope of Horizon's discretion under Articles V and VIII to exclusively decide how many employees will be called to work in a particular day.

## V. Irreparable harm

5.1 As consequence of Defendant's aforementioned actions; Plaintiff will not be able to efficiently render its services related to its cargo vessel that will bringing to Puerto Rico among others, perishable goods for the public school system of Puerto Rico and the U.S. Army, mail for the U.S. Post Office, medical supplies for hospitals in Puerto Rico and in the United States, and essential raw materials for industries in Puerto Rico, the United States and in the international trade.

5.2   Particularly, the vessel HL Trader is scheduled to arrive to port tomorrow, January 1, 2015, at 7:00pm.  This vessel is to take equipment and deliver it to other ports in the United States in order for Horizon Lines to be able to load cargo to different Ports in the United States.  If the strike, and/or refusal to work is allowed to continue, HL will be unable to load the HL Trader tomorrow and <u>consequently the delivery of goods and essential commodities would be impaired in different States of the United States</u>.

5.3 Similarly, the Maersk vessel MV Maersk Wismar is scheduled to arrive to port tomorrow at 9:00pm.  These vessels bring goods and essential commodities to Puerto Rico, including food, medicine supplies and perishables.  Moreover, the Maersk vessel is also scheduled to be loaded with time-sensitive cargo.  If the strike

and/or refusal to work is allowed to continue, therefore, the Company will not be able to unload and load cargo and consequently the delivery of goods and essential commodities in the international trade would be impaired.

5.4 Unless Defendant is enjoined, Plaintiff shall immediately suffer damages in the amount of $100,000.00 and will, thereafter suffer additional daily damages in the amount of $100,000.00.

### VII. Compliance with the Collective Bargaining Agreement

6.1 Plaintiff has at all times complied with, observed and performed all the terms and conditions of said Collective Bargaining Agreement.

### VIII. Necessity of the remedy

7.1 Plaintiff has no adequate remedy at law other than this request.

**WHEREFORE**. Plaintiff respectfully prays that the present Complaint be GRANTED and in its consequence that:

(1) This Honorable Court issue an Order ordering Defendant, Local 1575, International Longshoremen's Association, AFL-CIO, its officers, agents, employees, representatives, members, attorneys and all persons in active participation with any of them to arbitrate immediately this controversy and any other the parties may consider necessary without excuse or delay under penalty of contempt of Court; and

(2) This Honorable Court issues an Order in which Defendant, Local 1575, International Longshoremen's Association, AFL-CIO its authorized representatives, agents, officers, members, attorneys and all persons in active concert and participation with any of them BE RESTRAINED from in any manner picketing, striking, refusing to work or obstructing the performance of the workers' regular and normal duties without any limitation including but not limited to perform their assigned functions with the designated amount of workers and perform all affiliated and related activities, and duties as they may ordinarily be executed and performed with respect to the operations of plaintiffs at

all times and during all of plaintiffs operation until such time the controversy is resolved in arbitration under penalty of contempt; that is, to maintain the status quo, until such time the controversy is resolved in arbitration under penalty of contempt;

(3) That this Honorable Court enters a Judgment in favor of Plaintiff and against Defendants for the amount of $100,000.00 plus $100,000.00 per day, plus interests, costs and for the amount of $50,000.00 for attorney's fees.

(4) That this Honorable Court issue an Order for any other relief as it may deem appropriate.

In San Juan, Puerto Rico, this 31st day of December 2014

> /s/ Antonio Cuevas Delgado
> ANTONIO CUEVAS DELGADO
> USDC# 208014
> Email: acuevas@ckblawpr.com
> CUEVAS KUINLAM, MARQUEZ & O'NEILL
> Attorneys for Plaintiff
> 416 Escorial Avenue Caparra Heights
> San Juan, Puerto Rico 00920 Tel. 787- 706-6464
> Fax. 787-706-0035

## VERIFICATION PURSUANT TO 28 U.S.C.S 746

I, Paul Hydock depose and under penalty of perjuries declare as follows:

1. That I am of legal age, married, Port Manager of Horizon Lines of Puerto Rico Inc., and resident of Carolina, Puerto Rico.

2. That I have read the foregoing <u>Verified Complaint</u> and the matters therein alleged are true to the best of my knowledge and belief, or alleged upon information and belief, which I also believe to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on December 31, 2014.

_____

Paul Hydock